Mr. Bob J. Nash, President Arkansas Development Finance Authority 100 Main, Suite 200 P.O. Box 8023 Little Rock, Arkansas 72203-8023
Dear Mr. Nash:
This is in response to your request for an opinion on the following question:
 Is the real and personal property owned by the Arkansas Development Authority comprising the South Shore Apartment Project exempt from ad valorem property taxes levied by the various taxing units in Jefferson County Arkansas?
You note that the Arkansas Development Finance Authority, (ADFA) has purchased an apartment building in Pine Bluff, Arkansas, known as the "South Shore Apartments", and has entered into a management agreement with the Housing Authority of the City of Pine Bluff under which the Pine Bluff Authority will act as agent for ADFA in the rental and management of the property. Priority in occupancy is to be given to persons entitled to receive federal housing assistance payments.
In response to your question, initial consideration must be given to Arkansas Constitution, Art. 16, 5, which exempts from taxation "public property used exclusively for public purposes". This language requires that two elements be present before property can be exempted from taxation: (1) the subject property must be "public property", and (2) it must be used exclusively for public purposes. Wayland v. Snapp, 232 Ark. 57, 334 S.W.2d 633 (1960).
The first determination to be made is whether the ADFA-owned apartment complex is "public property". Relevant to the question is 84 C.J.S. Taxation 259 which provides that:
 The property of public corporations and organizations functioning as governmental agencies and instrumentalities of the states is exempt under constitutional and statutory provisions exempting such property, or construed to have that effect, but property of a public corporation, in order to be exempt under such provisions, must be held by it in the exercise of its functions as a governmental agency, and not in its proprietary capacity, nor will the exempting provisions operate to exempt property held by a governmental agency as trustee for private organizations. . . . (Footnotes omitted.)
82 C.J.S. Taxation 259 at p. 499.
The ADFA is a "public body", (A.C.A. 15-5-201), and this office has previously referred to its "public" nature. See Opinion No. 89-083. Additionally, it appears from the deed you have enclosed that ADFA owns the property in question. It is my opinion, however, that the question of whether this property is "public property" is a factual question to be determined by the local assessor. The assessor must determine whether ADFA holds the property in its governmental capacity.
The second determination to be made in answering your question is whether the property is being used "exclusively for public purposes". It should be noted in this regard that this determination also involves a factual issue which this office is not authorized nor equipped to answer. We have previously opined that it is the duty of the local tax assessor to decide on a case by case basis whether a particular parcel of property is actually being used "exclusively for public purposes". See Opinion No. 89-283. We will note, however, that the legislature has specifically exempted property owned by a "housing authority" from taxation. A.C.A. 14-169-235. But we are not here faced with the property of a "housing authority". We are concerned with property purchased and held by ADFA. It is significant to note in this regard that ADFA is the successor by statute to the powers and duties of the Arkansas Housing Development Authority, (AHDA). See Act 1062 of 1985, 401, 402, and 403; and former Ark. Stat. Ann. 13-2904 (Supp. 1985). Neither the ADFA legislation nor the AHDA legislation expressly exempts property owned by these entities from taxation. It must be noted, however, that the legislature has in very broad terms declared that the providing of low-income housing is a public purpose. See A.C.A. 15-5-102 (c); former Ark. Stat. Ann. 19-3080.1; and A.C.A. 14-169-202. It has been held that "the purpose is a legislative decision and a court will reverse that decision only if the legislature acted arbitrarily, unreasonably or capriciously." Murphy v. Epes, 283 Ark. 517,678 S.W.2d 352 (1984).
Accordingly, it is my opinion that as a legal matter, the providing of low-income public housing fulfills a public purpose in Arkansas. See generally also, Hogue v. The Housing Authority of North Little Rock, 201 Ark. 263,144 S.W.2d 49 (1940), and Holiday Island Suburban Improvement District #1 v. Williams, 295 Ark. 442, 446, 749 S.W.2d 314
(1988). It is also my opinion, however, that the responsibility for determining whether this particular piece of property is, as a factual matter, being used exclusively for public purposes, and thus is exempt from taxation, rests with the local assessor, and necessarily involves a review of all pertinent facts.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
STEVE CLARK Attorney General
SC:arb